UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

LARRY WILLIAMS,

        Petitioner,          Case No. 1:20-cv-239

v.          Honorable Paul L. Maloney

SHERRY BURT,

        Respondent.
_____/

## OPINION

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

**Discussion**

I.   **Factual allegations**

Petitioner Larry Williams is incarcerated with the Michigan Department of Corrections at the Muskegon Correctional Facility (MCF) in Muskegon, Michigan. Petitioner pleaded *nolo contendere* in the Berrien County Circuit Court to assault with intent to do great bodily harm, in violation of Mich. Comp. Laws § 750.84, and interfering with an electronic communication, in violation of Mich. Comp. Laws § 750.540. On April 30, 2018, the court sentenced Petitioner to time served for the electronic communication offense and 5 to 10 years for the assault offense.

On March 14, 2020, Petitioner filed his habeas corpus petition raising one ground for relief, as follows: "The convictions under which petitioner is imprisoned are unlawful because the petitioner was denied due process when the petitioner was sentenced based on inaccurate information." (Pet., ECF No. 1, PageID.1-2.)

II.  **AEDPA standard**

This action is governed by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214 (AEDPA). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented

2

in the state court proceeding." 28 U.S.C. § 2254(d). This standard is "intentionally difficult to meet." *Woods v. Donald*, 575 U.S. 312, 316 (2015) (internal quotation omitted).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This Court may consider only the holdings, and not the dicta, of the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). In determining whether federal law is clearly established, the Court may not consider the decisions of lower federal courts. *Lopez v. Smith*, 574 U.S. 1, 4 (2014); *Marshall v. Rodgers*, 569 U.S. 58, 64 (2013); *Parker v. Matthews*, 567 U.S. 37, 48-49 (2012); *Williams*, 529 U.S. at 381-82; *Miller v. Straub*, 299 F.3d 570, 578-79 (6th Cir. 2002). Moreover, "clearly established Federal law" does not include decisions of the Supreme Court announced after the last adjudication of the merits in state court. *Greene v. Fisher*, 565 U.S. 34, 37-38 (2011). Thus, the inquiry is limited to an examination of the legal landscape as it would have appeared to the Michigan state courts in light of Supreme Court precedent at the time of the state-court adjudication on the merits. *Miller v. Stovall*, 742 F.3d 642, 644 (6th Cir. 2014) (citing *Greene*, 565 U.S. at 38).

A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in the Supreme Court's cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts. *Bell*, 535 U.S. at 694 (citing *Williams*, 529 U.S. at 405-06). "To satisfy this high bar, a habeas petitioner is required to 'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Woods*, 575 U.S. at 316 (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)). In other words, "[w]here

3

the precise contours of the right remain unclear, state courts enjoy broad discretion in their adjudication of a prisoner's claims." *White v. Woodall*, 572 U.S. 415, 424 (2014) (internal quotations omitted).

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). A determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Davis v. Lafler*, 658 F.3d 525, 531 (6th Cir. 2011) (en banc); *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003); *Bailey*, 271 F.3d at 656. This presumption of correctness is accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989).

**III.   Discussion**

"[A] federal court may issue the writ to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) (quoting 28 U.S.C. § 2254(a)). A habeas petition must "state facts that point to a 'real possibility of constitutional error.'" *Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977) (quoting Advisory Committee Notes on Rule 4, Rules Governing Habeas Corpus Cases). The federal courts have no power to intervene on the basis of a perceived error of state law. *Wilson*, 562 U.S. at 5; *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Pulley v. Harris*, 465 U.S. 37, 41 (1984).

Claims concerning the improper application of sentencing guidelines are state-law claims and typically are not cognizable in habeas corpus proceedings. *See Hutto v. Davis*, 454 U.S. 370, 373-74 (1982) (federal courts normally do not review a sentence for a term of years that falls within the limits prescribed by the state legislature); *Austin v. Jackson*, 213 F.3d 298, 301-02 (6th

Cir. 2000) (alleged violation of state law with respect to sentencing is not subject to federal habeas relief); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999) (the sentencing guidelines establish only rules of state law). There is no constitutional right to individualized sentencing. *Harmelin v. Michigan*, 501 U.S. 957, 995 (1991); *United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995); *see also Lockett v. Ohio*, 438 U.S. 586, 604-05 (1978). Moreover, a criminal defendant has "no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt*, 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004); *accord Austin v. Jackson*, 213 F.3d 298, 300 (6th Cir. 2000); *Lovely v. Jackson*, 337 F. Supp. 2d 969, 977 (E.D. Mich. 2004); *Thomas v. Foltz*, 654 F. Supp. 105, 106-07 (E.D. Mich. 1987).

Although state law errors generally are not reviewable in a federal habeas proceeding, an alleged violation of state law "could, potentially, 'be sufficiently egregious to amount to a denial of equal protection or of due process of law guaranteed by the Fourteenth Amendment.'" *Bowling v. Parker*, 344 F.3d 487, 521 (6th Cir. 2003) (quoting *Pulley*, 465 U.S. at 50); *see also Doyle*, 347 F. Supp. 2d at 485 (a habeas court "will not set aside, on allegations of unfairness or an abuse of discretion, terms of a sentence that is within state statutory limits unless the sentence is so disproportionate to the crime as to be completely arbitrary and shocking.") (citation omitted). Petitioner's sentence clearly is neither arbitrary nor shocking.

A sentence might also violate due process if it is based upon material "misinformation of constitutional magnitude." *Roberts v. United States,* 445 U.S. 552, 556 (1980)); *see also United States v. Tucker,* 404 U.S. 443, 447 (1972); *Townsend v. Burke,* 334 U.S. 736, 741 (1948). To prevail on such a claim, the petitioner must show (1) that the information before the sentencing court was materially false, and (2) that the court relied on the false

5

information in imposing the sentence. *Tucker*, 404 U.S. at 447; *United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984).

Petitioner attempts to draw his sentencing issue within the protection of the Due Process Clause by arguing that his sentence is not based on accurate information. (Pet'r's Br., ECF No. 1-1, PageID.13.) But, the crux of his argument is that the trial court misapplied the Michigan sentencing guidelines statute. (*Id.*, PageID.14-17.) Specifically, Petitioner complains that the trial court counted as felonies certain misdemeanor convictions when calculating Petitioner's Prior Record Variable score.

Petitioner attaches to his petition the trial court's opinion and order denying his motion to correct invalid sentence. (Berrien Cty. Cir. Ct. Op. & Order, ECF No. 1-5, PageID.34-37.) The court acknowledged that it had counted as prior felonies certain convictions for which Petitioner received only a misdemeanor penalty. The court explained that Petitioner had plea-bargained repetitive domestic violence conduct from felonies to misdemeanors by entering a plea to domestic violence-second offense on offenses that were Petitioner's third or fourth offense which would have involved punishments that raise the offenses to felonies. The court noted that it is the conduct, not the conviction that matters and, thus, reasoned that Petitioner's felony conduct should be counted.

As noted above, Petitioner's challenge does not really center on the facts as determined by the state court. Instead he challenges the court's application of state law to those facts. Petitioner sought leave to appeal the trial court's determination. By order entered June 25, 2019, the Michigan Court of Appeals denied Petitioner's application for leave to appeal "for lack of merit in the grounds presented." (Mich. Ct. App. Order, ECF No. 1-7, PageID.49.) Petitioner

6

then sought leave to appeal in the Michigan Supreme Court. That court denied leave by order entered November 26, 2019. (Mich. Order, ECF No. 1-8, PageID51.)

It is not the province of a federal habeas court to re-examine state-law determinations on state-law questions. *Bradshaw*, 546 U.S. at 76; *Estelle*, 502 U.S. at 68. The decision of the state courts on a state-law issue is binding on a federal court. *See Johnson*, 559 U.S. at 138; *Wainwright v. Goode*, 464 U.S. 78, 84 (1983). The Sixth Circuit repeatedly has recognized "'that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus.'" *Stumpf v. Robinson*, 722 F.3d 739, 746 n.6 (6th Cir. 2013) (quoting *Bradshaw*, 546 U.S. at 76). *See also Thomas v. Stephenson*, 898 F.3d 693, 700 n.1 (6th Cir. 2018) (same). Accordingly, the Michigan Court of Appeals determination that the trial court's interpretation of the statute was proper and that Petitioner's challenge had no merit binds this Court.

Because Petitioner challenges the application of state law, not the court's determination of the facts, his issue does not implicate the protections of due process. Therefore, he cannot show that the state-court's rejection of his claim was based on an unreasonable determination of the facts or that it was contrary to or an unreasonable application of clearly established Supreme Court precedent. 28 U.S.C. § 2254(d). Accordingly, he is not entitled to habeas relief.

## IV. Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam).

Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability. Moreover, although Petitioner has failed to demonstrate that he is in custody in violation of the Constitution and has failed to make a substantial showing of the denial of a constitutional right, the Court does not conclude that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## Conclusion

The Court will enter a judgment dismissing the petition and an order denying a certificate of appealability.

Dated:  June 15, 2020                          /s/ Paul L. Maloney
                                               Paul L. Maloney
                                               United States District Judge